1  Nicolás C. Vaca, SBN 122957
   Kris D. Vaca, SBN 100405
2  Law Offices of Nicolás C. Vaca
   1655 North Main St., Suite 260
3  Walnut Creek, CA 94596
4  Telephone Number: (925) 876-8709
   Facsimile Number:  (925) 256-6761
5  Email Address: nickvaca@pacbell.net

6
   Attorney for Cross-Complainant
7  Miriam T. Devlin

8

9                    IN THE UNITED STATES DISTRICT COURT

10

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13   Miriam T. Devlin aka Miriam T. Vianu aka        CASE #: 3:15-cv-00582-WHA
     Mimi Devlin,
14                                                    1. NOTICE OF MOTION AND
15                  Cross-Complainant,                   MOTION TO REMAND CIVIL
                                                         ACTION TO CALIFORNIA
16                                                       SUPERIOR COURT AND AWARD
                                                         OF COSTS AND ATTORNEYS FEES;
17        v.                                          2. MEMORANDUM OF POINTS AND
                                                         AUTHORITIES IN SUPPORT;
18                                                    3. DECLARATION OF NICOLÁS C.
19                                                       VACA IN SUPPORT.

20   KelKris Associates, Inc., dba Credit Bureau
     Associates, and ROES 1 through 10,               **Date:**        **April 16, 2015**
21                                                    **Time:**        **8:00 a.m.**
                    Cross-Defendants.                 **Judge:**       **Honorable William H. Alsup**
22                                                    **Courtroom:**   **8, 19th Floor**
                                                      **Place:**       **450 Golden Gate Ave.**
23                                                                     **San Francisco, CA**

24

25

26

27

28                                           -1-

1

**TO:   ALL DEFENDANTS AND THEIR COUNSEL OF RECORD:**

2

3      PLEASE TAKE NOTICE that on April 16, 2015, at 8:00 a.m., or as soon thereafter as this

4   matter may be heard, in Courtroom 8, 19th Floor of the United States District Court, located at 450

5   Golden Gate Ave., San Francisco, California before the Honorable William H. Alsup, United States

6   District Judge, Plaintiff, MIRIAM T. DEVLIN ("Movant"), will move the Court for an Order: (1)

7   remanding the cross-complaint to the Superior Court of California, County of Contra Costa; and (2)

8   for an award against defendant KELKRIS, ASSOCIATES DBA, CREDIT BUREAU ASSOCIATES

9   of Plaintiff's costs and attorney's fees in the amount of $3,585.00 for improper removal.

10
       This motion is based on this Notice of Motion and Motion for Order to Remand, Declaration

11
    of Nicolás C. Vaca, memorandum of points and authorities in support, and such other evidence,

12
    argument and authorities as may be presented at or prior to the hearing before this Court on this

13

14  Motion, and such other and further matters of which this Court may take judicial notice.

15

16
    DATED:          March 5, 2015

17

18

19                                                   By: /s/ Nicolás C. Vaca
                                                     Nicolás C. Vaca (SBN 122957)
20                                                   LAW OFFICES OF NICOLÁS C. VACA
                                                     1655 North Main St., Suite 250
21                                                   Walnut Creek, CA 94596
                                                     Telephone Number: (925) 876-8709
22                                                   Facsimile Number:  (925) 256-6761
                                                     Email Address:  nickvaca@pacbell.com
23                                                   Attorney for Cross-Complainant
                                                     MIRIAM DEVLIN
24

25

26

27

28
                                                  -2-

NOTICE OF MOTION AND MOTION TO REMAND CIVIL ACTION TO CALIFORNIA            3:15-CV-00582
SUPERIOR COURT AND AWARD OF COSTS AND ATTORNEYS FEES

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### ISSUES TO BE DECIDED

3

4

Cross-Defendant KELKRIS ASSOCIATES, INC., dba CREDIT BUREAU

5

ASSOCIATES improperly removed the cross-complaint based on the underlying state complaint.

6

The removal was improper because:

7

      1.     KELKRIS did not include a copy of all pleadings in the underlying action in

8

           violation of 28 U.S.C. § 1446(a);

9

10

      2.     KELKRIS removed only the cross-complaint and not the entire action in violation

11

           of 28 U.S.C. § 1446(a);

12

      3.     even if KELKRIS had removed the entire action to federal court, it cannot do so

13

           because it was a cross-defendant and only the defendant in the underlying state

14

           action has the right of removal.

15

For these reasons the Court should remand back to the state court and award costs and

16

attorneys' fees.

17

### STATEMENT OF FACTS

18

19

On October 30, 2014, Cross-Defendant KELKRIS ASSOCIATES, INC., dba CREDIT

20

BUREAU ASSOCIATES (herinafter "KELKRIS" or "CROSS-DEFENDANT") filed a

21

complaint in Contra Costa County Superior Court (the "COMPLAINT").

22

The COMPLAINT alleged only state causes of action for common counts.  The

23

COMPLAINT listed Terry Duree, 622 Jackson St., Fairfield, CA as attorney of record.  (See

24

25

**EXHIBIT 1** to NCV Declaration).  There are no federal causes of action alleged in the

26

COMPLAINT.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION       3:15-cv-00582-WHA
TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
OF COSTS AND  ATTORNEYS FEES

On January 9, 2015, Plaintiff MIRIAM DEVLIN (hereinafter "DEVLIN" or "CROSS-COMPLAINANT"), filed a timely answer to the COMPLAINT.  On the same date, DEVLIN filed a cross-complaint alleging that KELKRIS violated the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Act (the "CROSS-COMPLAINT")  (See Exhibit A to Notice of Removal, Doc. #1)

On February 6, 2015, KELKRIS filed "Cross-Defendant Credit Bureau Associates' Notice of Removal of Cross-Complaint to Federal Court."  The reasons provided for the removal of the CROSS-COMPLAINT only to federal court was:

> [t]his Court has jurisdiction to hear this case because this action is a civil action of which this court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. section 1441(a) in that the **Cross-Complaint arises under the federal Fair Debt Collection Practices Act**, 15 U.S.C. section 1692 *et se.*  (See Notice of Removal Doc. #9 ¶3. (Emphasis added)

CROSS-DEFENDANT did not make any other arguments for the removal.

On February 12, 2015, CROSS-DEFENDANT filed an answer to the CROSS-COMPLAINT.  Both the Notice of Removal and the answer to the CROSS-COMPLAINT listed Mark E. Ellis, Ellis Law Group, LLP, 740 University Avenue, Suite 100, Sacramento, CA as counsel of record.  (See Docs. #1 and #9)

## LEGAL ARGUMENTS

## I.    THE STANDARD FOR REMOVAL.

In *Beneficial National Bank v. Anderson*, 539 U.S. 1,8 (2003), the Court stated that, "[A] state claim may be removed to federal court in only two circumstances – when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION            3:15-cv-00582-WHA
TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
OF COSTS AND  ATTORNEYS FEES

It is the general rule that an action may be removed from state court to federal court **only** if a federal district court would have original jurisdiction over the claim in the suit.[1] As, noted above, in its Notice of Removal, CROSS-DEFENDANT alleges that the CROSS-COMPLAINT arises under the FDCPA and it is on this basis that it removed it to federal court.

Defendant is incorrect in its analysis and attempts to mislead the Court, because the causes of action in the COMPLAINT arise under California state causes of action only.  As a consequence, and as further discussed below, the FDCPA allegation in the CROSS-COMPLAINT cannot form the basis for removal to federal court.

Any removal of a state complaint, under the guise of 28 U.S.C. § 1441, requires that such complaint contain one or more claims that are within the original subject matter jurisdiction of the federal court.[2] For a district court to have original subject matter jurisdiction, the complaint must contain a claim that "aris[es] under the Constitution, laws, or treatises of the United States."[3] A claim or cause of action only "arises under" federal law "when the plaintiff's well-pleaded complaint raises issues of federal law."[4] As noted above, the COMPLAINT did not raise issues of federal law.

A.     **KELKRIS Has the Burden of Establishing Federal Jurisdiction in its Removal from State Court.**

In *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144

---

[1] *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 430 (1999).

[2] *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998); *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 819 (9th Cir. 2001).

[3] 28 U.S.C. §§ 1331, 1441(b).

[4] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          3:15-cv-00582-WHA
TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
OF COSTS AND  ATTORNEYS FEES

1  (1921); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988), *aff'd,* 503 U.S. 131, 112

2  S.Ct. 1076, 117 L.Ed.2d 280 (1992) ), the U.S. Supreme Court held that the party seeking to

3  remove the action to federal count "[m]ust take and carry the burden of proof, he being the actor

4

5  in the removal proceeding." KELKRIS, as discussed below, has not met this burden.

6  ### B.     Removal is Strictly Construed.

7  In *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979), the court held that:

8  The removal jurisdiction of the federal courts is derived entirely from the statutory
authorization of Congress. We look to federal law to determine whether the
9  elements of removal jurisdiction have been established under the statutes, keeping
10  in mind that **removal statutes are strictly construed against removal**.
*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214
11  (1941); 14 Wright, Miller and Cooper, *Federal Practice and Procedure*, § 23721,
pp. 533-37. (Emphasis added)
12

13  In *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the Court stated:

14  We **strictly construe** the removal statute against removal jurisdiction. *Bobbs v.
Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins.
15  Co.*, 765 F.2d 815, 818 (9th Cir. 1985) Federal jurisdiction **must be** rejected if
16  there is any doubt as to the right of removal in the first instance. (Emphasis added)

17  Thus, to the extent that there is any doubt as to the valid removal of the CROSS-

18  COMPLAINT, this motion for remand should be granted.

19
## II.     DEFENDANT IMPROPERLY REMOVED THE CROSS-COMPLAINT TO
20        FEDERAL COURT.

21  ### A.     The Notice of Removal Failed to Include a Copy of All Pleadings, Process
        and Orders Served on the Removing Defendant.
22

23  As noted above, 28 U.S.C. § 1446(a) requires that in addition to filing a short statement

24  of the grounds for removal, the party seeking removal shall also file "[a] copy of all process,

25  **pleadings** and orders served upon such defendant or defendants in such action." (Emphasis

26  added)

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          3:15-cv-00582-WHA
TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
OF COSTS AND  ATTORNEYS FEES

1    The only document attached to CROSS-DEFENDANT's Notice of Removal is a copy of

2  the CROSS-COMPLAINT.  Defendant violated 28 U.S.C. § 1446(a) when it did not file a copy

3  of the underlying state COMPLAINT.

4

5    If CROSS-DEFENDANT had included a copy of the COMPLAINT, the Court could

6  have, *sua sponte*, made a determination to remand the action to state court because it would be

7  obvious that no federal question was presented in the COMPLAINT and thus no basis for

8  removal existed.

9
        **B.     KELKRIS' Removal of the CROSS-COMPLAINT Only, Violated  28 U.S.C.**
10             **§ 1446(a).**

11    Also, as noted above, 28 U.S.C. § 1446(a) states that "[A] defendant or defendants

12  desiring to remove any civil action or criminal prosecution from a State court . . ."  28 U.S.C. §

13  1446(a) does not allows for the splitting of a cross-complaint from a complaint.  The statute

14
   clearly states that it is the removal of a "civil action" that is allowed.  Consequently, if CROSS-
15
16  DEFENDANT wanted to remove the CROSS-COMPLAINT to federal court, it was required to

17  remove the complete action, including the COMPLAINT.

18
        **C.     Even if KELKRIS Had Removed the Complete Action to Federal Court the**
19             **Removal Violated 28 U.S.C. § 1446(a) Because the Right of Removal is**
             **Vested Exclusively in a Defendant.**
20
21    28 U.S.C. § 1441(a) provides that the right to remove a case from state to federal court is

22  vested exclusively in "the defendant or the defendants . . ."  In the instant case, DEVLIN was the

23  defendant named in the COMPLAINT and only she had the right remove the action to federal

24  court.

25

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          3:15-cv-00582-WHA
   TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
   OF COSTS AND  ATTORNEYS FEES

1.   **KELKRIS Cannot Remove the State Action to Federal Court Even to Defendant Against a Cross-Complaint.**

CROSS-DEFENDANT'S ploy to remove only the CROSS-COMPLAINT is an attempt to again mislead the Court. By identifying itself as "defendant" in the Notice of Removal, it attempts, by slight of word, to shed its identity of cross-defendant and assume the mantel of "defendant" which would then provide it with a right to remove the CROSS-COMPLAINT to federal court.

Unfortunately for KELKRIS, a plaintiff who has chosen to commence the action in state court, cannot later remove to federal court, even to defend against a counterclaim or a cross-complaint. (See *Progressive West Ins. Co. v. Preciado* 479 F.3d 1014, 1017, (9th Cir. 2007)) In the instant case, KELKRIS chose file its complaint in state court and now cannot chose to remove the action to federal court in order to defend against the CROSS-COMPLAINT.

Indeed, it is well-established law that a plaintiff cannot remove an action to federal court on the basis that a counter-claim permits removal. See *Holmes Group., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)

Additional authority has held that counter-claims do not provide a basis for removal. *Vanden v. Discovery Bank*, 556 U.S. 49, 60-61, 129 S. Ct. 1261, 173 L.Ed. 2d (2009); *Takeda v. Northwester National Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F. 3d 910, 914-15 (6th Cir. 2007) *Metro Ford Truck Sales, Inc. v. Ford Motor Co.* 145 F. 3d 320, 326-27 (5th Cir. 1998)

Consequently, there is no basis for KELKRIS's removal of the CROSS-COMPLAINT to federal Court.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION       3:15-cv-00582-WHA
TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
OF COSTS AND  ATTORNEYS FEES

**III.    THE COURT SHOULD AWARD CROSS-COMPLAINANT HER COSTS AND ATTORNEYS' FEES BECAUSE THE REMOVAL WAS IMPROPER.**

28 U.S. C. § 1447 (c) provides that, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141, 126 S.Ct. 704, 711, 163 L.Ed. 2d 547 (2005) the U.S. Supreme Court stated:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness as a method for delaying litigation and imposing costs on the plaintiff.  The appropriate test for awarding fees under § 1447 (c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants' a right to removal as a general matter, when statutory criteria are satisfied.

> In light of these "large objectives,'" *Zipes*, *supra*, at 759, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

This brief, and the attached documents, demonstrate that CROSS-DEFENDANT's removal of the CROSS-COMPLAINT was objectively improper.

As a result of this wrongful removal, CROSS-COMPLAINANT has incurred $3,585.00 in attorneys fees and costs preparing and filing this motion for remand and addressing the wrongful removal.  To prepare this motion, CROSS-COMPLAINANT also incurred the cost of having to obtain a certified copy of the COMPLAINT.  (See Declaration of Nicolás C. Vaca).

Accordingly, the Court should remand the action and awarded DEVLIN her costs, actual expenses and attorneys fees in the amount of  $3,585.00 for improper removal.

1

## CONCLUSION

2

For the foregoing reasons, the Court should remand the action and award DEVLIN her

3

costs and attorney's fees for improper removal.

4

5

6   Dated:  March 5, 2015

7                                                              Respectfully submitted,

8

9

10                                                      By: /s/ Nicolás C. Vaca
                                                        Nicolás C. Vaca (SBN 122957)
                                                        LAW OFFICES OF NICOLÁS C. VACA
11                                                      1655 North Main St., Suite 250
                                                        Walnut Creek, CA 94596
12                                                      Telephone Number: (925) 876-8709
                                                        Facsimile Number:  (925) 256-6761
13                                                      Email Address:  nickvaca@pacbell.com
                                                        Attorney for Cross-Complainant
14                                                      MIRIAM DEVLIN

15

16

17

18

19

20

21

22

23

24

25

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION          3:15-cv-00582-WHA
    TO REMAND CIVIL ACTION TO CALIFORNIA SUPERIOR COURT AND AWARD
    OF COSTS AND  ATTORNEYS FEES