Mark E. Ellis - 127159
Brandon L. Reeves - 242897
Ephraim Egan - 278122
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
breeves@ellislawgrp.com
eegan@ellislawgrp.com

Attorneys for Defendant KELKRIS ASSOCIATES, INC., DBA CREDIT BUREAU ASSOCIATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM T. DEVLIN AKA MIRIAM T. VIANU AKA MIMI DEVLIN,<br><br>          Plaintiff,<br><br>v.<br><br>KELKRIS ASSOCIATES, INC., DBA CREDIT BUREAU ASSOCIATES,<br><br>          Defendant. | Case No.:  3:15-cv-00582 WHA<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>**DATE:     APRIL 23, 2015**<br>**TIME:        8:00 A.M.**<br>**CRTRM: 8, 19TH FLOOR**<br>**HONORABLE WILLIAM ALSUP** |

## I. **INTRODUCTION**

Plaintiff Miriam Devlin's motion to remand her FDCPA action against defendant Kelkris Associates, Inc. should be denied for at least the following reasons.

**First**, Kelkris' removal was proper because it is a "defendant" on Devlin's cross-complaint, entitling it to remove the cross-complaint since the cross-complaint arises under federal law in that it alleges violations of the FDCPA.  Consistent with 28 U.S.C. § 1441(a), California law *expressly* provides that Kelkris is a "defendant" on Devlin's cross-complaint.  Cal. Code Civ. Proc. § 431.30(a)(2) ("'**Defendant' includes a person filing an answer to a cross-complaint**." [emphasis added]).  Devlin contends that Kelkris used a "slight of hand" to refer to itself as a "defendant."  Not so.  Again, California law states in no uncertain terms that Kelkris is a defendant.  (*Id.*)

Also consistent with section 1441(a), Kelkris removed *a separate and independent civil action that is capable of being removed since it alleges claims arising under the federal FDCPA*.  This is so because in California, it is well-settled that complaints and cross-complaints are separate and independent actions that are not dependent on each other.  Rylaarsdam, et al., ***Cal. Prac. Guide Civ. Pro. Before Trial*** §§ 6:503-6:504 (Rutter Group 2014 ed.) (*citing* California Supreme Court and Court of Appeal cases confirming same).  Given the way that complaints and cross-complaints are treated, removal of only the cross-complaint, while leaving the complaint in state court, is not problematic or inconsistent with section 1441(a), or the well-pleaded complaint rule.

**Second**, the authorities Devlin relies on do not address or consider what Kelkris actually did here: remove *only* the cross-complaint to federal court.  The cases cited, including *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007), *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), and *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), all considered attempts to remove both the complaint *and* cross-complaint based on what was alleged in the cross-complaint.  Kelkris did not do that.  It did not attempt to use Devlin's cross-complaint to remove *both* actions (the complaint and cross-complaint).  Thus these cases do not support Devlin's argument that what Kelkris did is improper or contrary to the intent of the removal statutes.

**Third**, even if this motion is granted, Devlin's request for attorney's fees and costs must be denied since she has failed to demonstrate that Kelkris lacked an "objectively reasonable" basis for

removing only the cross-complaint. Indeed, as discussed more fully below, the main purpose of this motion appears to be an attempt by Devlin to obtain an attorney fee award against Kelkris so as to create leverage for her on the underlying debt that she owes. Kelkris' counsel contacted Devlin's counsel three times before this motion was ever filed in an effort to resolve Devlin's FDCPA action without the need for unnecessary litigation, but Devlin's counsel has repeatedly refused to discuss the merits of his claims. (*See* Declarations of Brandon Reeves and Ephraim Egan filed herewith).

Additionally, after this motion was filed, even though Kelkris continues to belief that its removal was proper, Kelkris offered to stipulate to remand this action to state court so that the parties did not incur unnecessary expenses arguing about removal issues, but Devlin's counsel refused to sign the stipulation unless Kelkris agreed to pay his fees and costs. (Reeves Decl. **Exhs. B-C**). Thus this motion appears to be focused entirely on attorney's fees and Devlin's hope that she will recover an attorney fee award against Kelkris.

In any event, Devlin's emphasis on attorney's fees is misplaced. She has not demonstrated that Kelkris' removal was objectively unreasonable. Since Devlin has not cited cases addressing and considering what Kelkris actually did (removal of the cross-complaint only), since none of those cases considered California's treatment of complaints and cross-complaints as separate and independent civil actions, and since Kelkris has done nothing to prolong this litigation or impose additional costs on Devlin by removing, she cannot reasonably assert that she satisfied the standard for recovering fees and costs on this motion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (explaining the standard for recovering fees that Devlin has not satisfied here).

For these and other reasons set forth more fully below, this motion should be denied.

## II. <u>FACTUAL BACKGROUND</u>

On October 30, 2014, defendant Kelkris Associates, Inc. filed a collection action in the Contra Costa County Superior Court to collect a debt owed by plaintiff Devlin in the amount of $2,613.57, plus accrued interest. (*See* Devlin's Exhibit 1 in support of this motion).

On or about January 9, 2015, Devlin filed a cross-complaint against Kelkris alleging causes of action for (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and (2) violation of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788

1   et seq. (*See* Kelkris' Notice of Removal, Exhibit A [Doc. 1]).

2        Devlin's FDCPA claims do not have any merit. Devlin alleges that Kelkris violated the

3   FDCPA by misrepresenting the amount of the debt that she owes, as evidenced by three instances in

4   which Kelkris requested different amounts, and because Kelris allegedly failed to send Devlin the

5   initial validation notice required by 15 U.S.C. § 1692g. (Notice of Removal, Exh. A).

6        On February 2, 2015, Kelkris' counsel wrote to Devlin's counsel and explained why Kelkris

7   had requested different amounts at different times. (*See* Declaration of Brandon L. Reeves in

8   opposition to this motion, ¶¶ 2-3, **Exh. A**). Kelkris' counsel explained that no part of the balance owed

9   was outside of the applicable statute of limitations when Kelkris sent its letter to Devlin on October 23,

10  2013, but that by the time the collection complaint was filed more than a year later on October 30,

11  2014, a significant portion of the balance owed was then out of statute, thus Kelkris requested only

12  $2,613.57 in its collection complaint. (*Id.*) Kelkris' counsel also explained that the letter sent to

13  Devlin on November 13, 2014 requested a higher amount than what was requested in the collection

14  complaint since by that time Kelkris had incurred additional fees and costs for filing the collection

15  complaint, and additional interest had accrued. (*Id.*)

16       The letter that Kelkris' counsel sent on February 2, 2015 also informed Devlin and her counsel

17  that the initial validation notice required by section 1692g was in fact sent to Devlin on November 28,

18  2012, which properly informed Devlin of her right to dispute the debt and request verification of the

19  debt. (Reeves Decl., ¶ 2, **Exh. A**). Indeed, the evidence demonstrates that Kelkris was being very

20  contentious and diligent in making sure that it complied with the FDCPA and only requested payment

21  of amounts it was legally entitled to collect. (*Id.*)

22       For reasons that should be obvious, Kelkris does not wish to engage in unnecessary litigation

23  over a debt that is only $2,613.57. That is why Kelkris' counsel took the time to write Devlin's

24  counsel a detailed letter explaining the reasons why Kelkris had requested different amounts at

25  different times and requested that Devlin dismiss her FDCPA claims. (Reeves Decl. ¶¶ 6-7).

26       But thus far, Devlin's counsel has gone out of his way to avoid any discussion of the merits of

27  his FDCPA claims, and instead spent nearly 9 hours preparing a motion to remand apparently for the

28  sole purpose of generating an attorney fee award against Kelkris. (*See* Reeves Decl. ¶ 7 and

Declaration of Ephraim Egan ¶¶ 2-9 [discussing multiple attempts to discuss the merits of the case with Devlin's counsel with no success]).

On March 13, 2015, Kelkris' counsel even offered to stipulate to have this action remanded to state court so as to avoid unnecessary litigation.  (Reeves Decl. ¶ 6, **Exh. B**).  This offer to stipulate was unrelated to the merits of this motion.  (*Id.*)  For reasons discussed in more detail below, Kelkris' counsel continues to believe that removal of this action to federal court was objectively reasonable because California treats complaints and cross-complaints as completely separate and independent civil actions, and because Kelkris only removed the cross-complaint which alleged a claim arising under federal law, and in which it is a defendant.  (*Id.* ¶¶ 4-5).

On March 18, 2015, Devlin's counsel confirmed that the primary focus of this motion is for Devlin to obtain an attorney fee award against Kelkris.  (Reeves Decl. **Exh. C**).  Devlin's counsel refused to sign the stipulation Kelkris' counsel prepared unless the fees and costs he requested in this motion are paid.  (*Id.*)  But Devlin's focus on attorney's fees is misplaced.  For the reasons set forth below, even if this motion is granted, Devlin has not satisfied the standard for recovering attorney's fees on this motion.

## III.  LEGAL ARGUMENT

### A.   Pursuant To California Law Kelkris Is A "Defendant" Within The Meaning Of Section 1441(a) On Devlin's Separate And Independent Complaint For Violation Of The FDCPA.

Section 1441 states the following with respect to who may remove a civil action from a state court to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ***may be removed by the defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

The words "the defendant or the defendants" plainly refers to *the defendant or the defendants in the in the civil action that is to be removed*.  Kelkris unquestionably is a "defendant" within the meaning of section 1441(a) as to Devlin's state court cross-complaint that alleges violations of the

FDCPA.  Cal. Code Civ. Proc. § 431.30(a)(2).  This is especially so considering the fact that pursuant to California law, a cross-complaint is a completely separate and independent civil action, and is not dependent on the plaintiff's complaint in any way, shape, or form.

> **1.    Pursuant To California Law Complaints And Cross-Complaints Are Completely Separate And Independent Civil Actions.**

It is black letter law that in California, complaints and cross-complaints are separate and independent civil actions:

> **Cross-complaint as independent action:** A cross-complaint is treated as an independent action. It is *not* dependent on plaintiff's action. The issues raised by the cross-complaint are treated as "completely severable" from the issues raised by the original complaint and answer. [See *Bertero v. National General Corp.* (1974) 13 C3d 43, 51–52, 118 CR 184, 190–191; *Ohio Cas. Ins. Group v. Sup.Ct. (Butte Valley School Dist.)* (1994) 30 CA4th 444, 448–449, 35 CR2d 771, 774]

> (1) [6:504] **Not affected by dismissal of complaint:** Dismissal of plaintiff's complaint does not affect defendant's right to proceed to trial on his or her cross-complaint (against plaintiff or others). [See *Bertero v. National General Corp.*, supra, 13 C3d at 51, 118 CR at 191]

Rylaarsdam, et al., ***Cal. Prac. Guide Civ. Pro. Before Trial*** §§ 6:503-6:504 (Rutter Group 2014 ed.) (emphasis in original).

Additionally, the California Court of Appeal has confirmed that under California law the person against whom a cross-complaint is asserted is a "defendant," and the complaining party is a "plaintiff" for all intents and purposes, despite the "cross-complainant" and "cross-defendant" labels that are sometimes used to describe parties to a cross-complaint:

> <u>*A cross-complaint is generally considered to be a separate action from that initiated by the complaint*</u>. (§ 428.10 [cross-complainant may set forth *any* cause of action against any party who filed complaint or cross-complaint against him, *or* any cause of action against a person *not already a party to action* if cross-complainant's cause of action arises out of same transaction as original complaint or asserts claim, right, or interest in subject of that complaint]; *Bertero v. National General Corp.* (1974) 13 Cal.3d 43, 51-52 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878]; *Glenwood Homeowners Assn., Inc. v. Prosher Development Ltd.* (1980) 111 Cal.App.3d 1002, 1005-1007 [169 Cal.Rptr. 48]; *Botsford v. Pascoe* (1979) 94 Cal.App.3d 62, 67-68 [156 Cal.Rptr. 177]; see also Cal. Law Revision Com. com., 14A West's Ann. Code Civ. Proc. (1971 ed.) §

428.20, p. 228 [joinder of person as cross-party], setting forth "the general principle that a cross-complaint is to be treated as if it were a complaint in an independent action.") *Thus, the common understanding of "plaintiff"-i.e., " 'the complaining party in any litigation' " (City of Sanger v. Superior Court, supra, 8 Cal.App.4th at p. 448)-necessarily includes "cross-complainant," a proposition which logically implies that "defendant" also includes "cross-defendant."*

*Ohio Cas. Ins. Group, supra,* 30 Cal.App.4th at 448-49 (emphasis added).

Devlin's alteration of the pleading caption in this case to stress that she is merely a "cross-complainant" does not change the fact that under California law, the filing of her cross-complaint initiated a separate and independent civil action that is untethered to the collection complaint in which Kelkris is attempting to collect the debt. (*Id.*)

In addition to the case law above, various statutes in the California Code of Civil Procedure confirm the separateness of a complaint and cross-complaint by providing that Devlin is a "plaintiff" in her FDCPA action, and Kelkris is a "defendant":

- **C.C.P. § 308:** "PARTIES TO ACTIONS, HOW DESIGNATED. In such action the party complaining is known as the plaintiff, and the adverse party as the defendant."

- **C.C.P. § 426.10(b):** "'Plaintiff' means a person who files a complaint or cross-complaint."

- **C.C.P. § 429.30(a)(2):** "'Plaintiff' includes the person filing a cross-complaint."

- **C.C.P. § 431.30(a)(2):** "'**Defendant' includes a person filing an answer to a cross-complaint**." (Emphasis added).

All of these authorities confirm that Kelkris is a "defendant" who is entitled to remove a "civil action" from state court to federal court if a basis for the exercise of federal jurisdiction otherwise exists (which it does here based on the federal question/FDCPA claim). 28 U.S.C. § 1441(a). Again, the words "by the defendant or the defendants" in section 1441(a) can only mean the defendant or the defendants in the state court action that is being removed. Here, as explained above, the complaint and cross-complaint are completely separate actions, and Kelkris is unquestionably a "defendant" on Devlin's cross-complaint for violation of the FDCPA – the only civil action that Kelkris removed. Cal. Code Civ. Proc. § 431.30(a)(2).

- 7 -

2.  **Federal Courts In California Recognize That A "Defendant" Becomes A "Plaintiff" When She Files A Cross-Complaint, And As Such She Is Thereafter Precluded From Removing The Action To Federal Court Because She Has Become A "Plaintiff".**

A number of federal courts in California have recognized the fact that under California law, a defendant on the complaint becomes a plaintiff once she files a cross-complaint, and therefore lacks the ability to remove the case to federal court once the cross-complaint has been filed. *See Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1132 (S.D. Cal. 2002) (noting that the court in *Hansen v. P. Coast Asphalt Cement Co.*, 243 F. 283 (S.D. Cal. 1917) "expressly held that "[b]y filing [a] cross-complaint, the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove"); *Vestin Realty Mortg. II, Inc. v. Klaas*, 2013 WL 1411852, *6 (S.D. Cal. 2013) (reaffirming the conclusion of *Hansen, supra*, that a defendant becomes a plaintiff for all intents and purposes upon filing a cross-complaint); *see also Morra v. Ryder Truck Rental, Inc.*, 2012 WL 2118174, *3 (E.D. Cal. 2012) (discussing *Acosta* and *Hansen supra*, but denying the motion to remand as untimely).

While these cases do not address the specific question presented by this motion, these cases are instructive as to the changes in party status that occur in California once a cross-complaint is filed by the defendant, who then becomes a plaintiff on the cross-complaint.

3.  **Kelkris Only Removed The Cross-Complaint – The Separate Civil Action In Which It Is A Defendant.  It Did Not Remove The Complaint, In Which It Is A Plaintiff.**

Consistent with section 1441(a), Kelkris did not remove or attempt to remove a civil action in which it is a plaintiff.  It only removed Devlin's cross-complaint, in which, according to controlling California law, it is a "defendant."  Cal. Code Civ. Proc. § 431.30(a)(2).

Devlin relies on cases such as *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007), *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002), and *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) which hold that a "plaintiff" cannot remove "an action [i.e., the entire action] to federal court on the basis that a counter-claim permits removal."  (Motion, p. 8:15-18 [emphasis added]).  But that is not what Kelkris did.  Kelkris did not remove the entire action – it only removed the cross-complaint which under California law is a completely separate and

independent civil action. Consistent with the well-pleaded complaint rule, Kelkris' collection complaint stayed put in the Superior Court since it does not arise under federal law. None of these cases considered or addressed what Kelkris did. Kelkris did not attempt to use a cross-complaint as the basis for removing both actions. It only removed the action that was removable: Devlin's cross-complaint arising under federal law.[1]

### 1. Devlin's attempts to mislead.

In numerous places in her motion, Devlin accuses Kelkris of trying to mislead the Court by suggesting that a basis for removing its collection complaint exists, and she also accuses Kelkris of not attaching all relevant pleadings to its Notice of Removal, in violation of 28 U.S.C. § 1446(a). (*See* Motion, pp. 5:6-10, 6:23-27). She apparently made these arguments in an attempt to make Kelkris look like it was acting in bad faith so as to support her request for attorney's fees. But by making these very arguments, it is Devlin who is attempting to mislead the Court.

Kelkris has never argued, implied, or otherwise indicated in any way, shape, or form that there is some basis for removing the collection complaint, which, again, according to California law, is a separate and independent civil action from the FDCPA cross-complaint. That is why every removal document that Kelkris filed stressed that it was removing the FDCPA cross-action only.

For the same reason, there was no need for Kelkris to attach the collection complaint to its Notice of Removal. The collection complaint was not removed. It is a separate and independent civil action that Kelkris has never attempted to remove, and would never attempt to remove, as it clearly does not arise under federal law, and the other potential bases for federal jurisdiction over that action do not appear applicable. Kelkris does not need to attach that which it is not removing.

Devlin's other baseless accusation about Kelkris' misrepresentation of its status as a "defendant" must also be noted. Devlin and her counsel apparently have not read Cal. Code Civ. Proc.

---

[1] The other cases that Devlin cited similarly addressed attempts by a defendant on a cross-complaint to remove *both* the complaint *and* cross-complaint to federal court on the basis of the allegations contained in the cross-complaint. *Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Takeda v. N.W. Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910 (6th Cir. 2007); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998). None of these cases addressed what Kelkris did here.

§ 431.30(a)(2), which states in no uncertain terms that the party who answers a cross-complaint is a "defendant" under California law.  There was no "slight of hand" involved in Kelkris calling itself a defendant.

Devlin's arguments about Kelkris' nonexistent misrepresentations need no further discussion. It is Devlin who is misrepresenting what Kelkris removed, and the reason it was removed.  Indeed, Devlin does not even bother to cite California authorities that define who is a "plaintiff" and who is a "defendant" in the circumstances relevant to this motion.

**B.    Devlin Has Not Satisfied The Standard For Recovering Attorney's Fees And Costs For Filing This Motion.**

Attorney's fees and costs on a motion to remand can only be awarded where the movant demonstrates that the removing party lacked an "objectively reasonable" basis for removing the action. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied"); *Chase Manhattan Mortg. Corp., supra,* 507 F.3d at 913-914.

Kelkris' removal did nothing to prolong this litigation or impose costs on Devlin.  The only party who has unnecessarily prolonged this litigation and imposed unnecessary costs is Devlin herself, by ignoring Kelkris' repeated requests to discuss the merits of her FDCPA claims (or the lack thereof), and by refusing to stipulate to a remand of this action to state court so that fees and costs were not incurred arguing about removal issues, no matter who is right or wrong.  (Reeves Decl. ¶¶ 6-7, **Exhs. B-C**).  Indeed, Devlin's counsel confirmed that the only reason this motion is still on calendar for a hearing is because Devlin hopes to recover attorney's fees against Kelkris in an apparent effort to obtain leverage on the underlying debt that she owes.  (*Id.*, ¶ 7, **Exh. C**).

Likewise, Kelkris' removal has done nothing to undermine Congress' intentions in drafting section 1441(a), or the well-pleaded complaint rule that has developed therefrom.  Again, Kelkris did not remove a civil action that could not be removed.  Kelkris did not attempt to use a cross-complaint raising a federal claim as the basis for removing both a complaint and cross-complaint, as the parties

- 10 -

did in the cases Devlin cited.  Since Devlin failed to cite case law addressing and considering what Kelkris actually did, and since she wrongly accused Kelkris of using a "slight of word" to describe itself as a "defendant," when in fact that is precisely what Cal. Code Civ. Proc. § 431.30(a)(2) says that Kelkris is in this circumstance, she can hardly assert that Kelkris lacked an objectively reasonable basis to remove only the FDCPA action.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, the motion to remand should be denied.

Dated: March 19, 2015

ELLIS LAW GROUP LLP

By _____/s/_____
Brandon L. Reeves
Attorney for Defendant
KELKRIS ASSOCIATES, INC., DBA CREDIT
BUREAU ASSOCIATES