United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KELKRIS ASSOCIATES, INC.,
doing business as CREDIT BUREAU
ASSOCIATES,

    Plaintiff,

  v.

MIRIAM T. DEVLIN
aka MIRIAM T. VIANU
aka MIMI DEVLIN,

    Defendant.
                           /

No. C 15-00582 WHA

**ORDER GRANTING
MOTION TO REMAND;
AWARDING FEES AND
VACATING HEARING**

## INTRODUCTION

Defendant moves to remand this debt-collection action, removed by plaintiff, to Contra Costa Superior Court. For the reasons stated herein, defendant's motion to remand is **GRANTED**.

## STATEMENT

This is a consumer-debt collection action. Plaintiff KelKris Associates, Inc., doing business as Credit Bureau Associates, filed a common counts cause of action in Contra Costa Superior Court. KelKris filed the cause of action to collect $2,613.57 plus prejudgment interest owed to ASAP Collection Service on behalf of Rheem Terrace Association (Devlin Exh. 1).

Defendant Miriam Devlin filed an answer and cross-complaint alleging KelKris violated state and federal debt collection laws. KelKris, through its counsel Attorney Brandon Reeves, then removed only Devlin's cross-complaint here (Dkt. No. 1).

Devlin now moves to remand the case to Contra Costa Superior Court.  This order follows full briefing.

**ANALYSIS**

"A plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court and even if a counterclaim is thereafter filed that states a claim cognizable in a federal court." *Oregon Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (per curiam) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).  More, "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (internal citations omitted).  It is well established "that a counterclaim — which appears as part of the defendant's answer, not as part of the plaintiff's complaint — cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002).

This order holds, and neither party disputes, that Devlin timely filed her motion to remand within thirty days (Dkt. No. 12).  This order grants Devlin's motion to remand because there is no basis for original jurisdiction in plaintiff KelKris' complaint.

KelKris — our plaintiff — removed the cross-complaint, more appropriately called a counterclaim, based on a federal question.  KelKris, as the plaintiff, may not remove.  Similarly, the cross-complaint cannot provide the basis for federal-question jurisdiction.

This order considers KelKris' complaint, the only pleading that can properly provide grounds for removal in this case.  KelKris' complaint fails to provide a basis for removal.  This case is not removable because KelKris only alleged a state-law cause of action.  KelKris alleged neither a federal question nor diversity of citizenship.  More, the amount in controversy does not exceed $75,000.  Accordingly, there is no basis for subject-matter jurisdiction and the action is not removable under 28 U.S.C. 1441.

This order also grants Devlin's request for $5,560 in attorney's fees and $25 in costs incurred in moving to remand this case (Dkt. No. 17-4).  "An order remanding the case may

2

require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. 1447(c). Such fees and costs may be awarded when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

KelKris acted improperly when it removed the cross-complaint because KelKris is the plaintiff and there was no basis for removal. It was objectively unreasonable for KelKris to remove this case, not to mention sending nasty emails to try to intimidate Devlin and her counsel (Dkt. No. 17-3).

**CONCLUSION**

For the reasons stated herein, the motion to remand is **GRANTED**. Attorney's fees and costs in the amount of **$5,585** are **AWARDED** against KelKris. The hearing on **APRIL 23** is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: April 1, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3